TUCKER vs. PEEBLES'S CURATOR.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

A suit is improperly dismissed at the first term, because the plaintiff is unable to produce certain documents originally annexed to the petition, but which are shown by the affidavit of his attorney to have been lost, and that steps were taken to prove their contents.

The absence of the documents annexed to the petition, affords no evidence of their having been taken away by the plaintiff.

Criminality is never presumed, and the loss of documents which have been filed, may have been caused by accident, or attributed to the want of care in the person entrusted with them, rather than one who had an interest in their preservation.

This case commenced by an injunction. The plaintiff applied to the judge of the sixth judicial district, for an injunction to restrain and prohibit the defendant from acting as curator of the vacant estate of one H. H. Peebles, deceased, and also from selling the property of the succession. He alleges that he is the owner of *certain* slaves found in said succession, which he purchased in the lifetime of said Peebles, as evidenced by two bills of sale, which he annexes to his petition.

He further alleges, that the deceased left a will in Tennessee, in which he appointed an executor, which is now

WESTERN DIST.
October, 1836.

TUCKER
vs.
PEEBLES'S
CURATOR.

being admitted to probate there, and that consequently, the defendant is not entitled to the curatorship of said estate.

He prays for an injunction to prohibit the defendant from selling the property, as an administrator of said estate.

The district judge was of opinion he had no jurisdiction of the matters set forth in the petition, except so far as the petitioner claims a right of property in the slaves *designated.* An injunction was only granted restraining the sale of the slaves, on the petitioner's giving bond and security in the sum of three thousand dollars.

The defendant accepted service of the petition and writ of injunction. He then moved the court for an order compelling the plaintiff to produce in open court, on a particular day, the *two bills of sale* referred to, and annexed to the petition, which, it seems, had been taken away. The order was granted and extended to a late day of the term, requiring the production of these documents on pain of dismissal.

On the day fixed, the plaintiff's attorney moved for a continuance, on his own affidavit, stating that the documents in question were lost, but had been in his possession at the time of filing the petition, and that a commission had issued to take the depositions of witnesses, proving their former existence and contents. The motion was overruled, and the documents not being produced, as ordered, a judgment of dismissal was pronounced. The plaintiff appealed.

*Dunbar,* for the plaintiff.

1. This case should not have been dismissed. The plaintiff is a non-resident, and had a right to a continuance. The most that could have been done, was, the defendant might have declined answering until the documents were produced, and if they were not forthcoming in a reasonable time, then a final disposition of the cause might have been ordered. 1 *Louisiana Reports,* 114. 2 *Ibid.,* 134. *Code of Practice, articles* 174-5.

*Thomas, contra.*

1. The injunction in this case was expressly granted on the bills of sale in question. They were annexed to the

petition, and upon them the order to restrain the sale was made. There is nothing to show that they have been withdrawn by leave, and the plaintiff is bound to produce them, or to take the consequences of a failure.

2. The defendant was bound to answer and could not do so until he had the papers, which formed the basis of the action against him. A distant day was fixed to produce these papers, and no excuse can now be given for their non-production. The judgment should be affirmed.

*Martin, J.,* delivered the opinion of the court.

The plaintiff obtained an injunction, to prevent the sale of certain slaves, which he claimed, and which were about being sold by the defendant. At the next term of the District Court, the defendant obtained an order, requiring the plaintiff to produce in open court, on a given day, the documents annexed to his petition at the time the injunction was granted, and which, it appears, had been since taken from it. The order was extended, and a rule entered that the suit be dismissed, if the order was not complied with, by producing the documents on the protracted day. The plaintiff's counsel filed his own affidavit, stating that the documents mentioned in the petition, as he was informed by the plaintiff, had been lost; that commissions had been taken out to prove their loss and contents. Notwithstanding this affidavit, or failure to produce the documents, as ordered, the suit was dismissed.

It appears to us, the district judge erred. The absence of the documents affords no evidence of their having been taken away by the plaintiff. The maxim *cui prodest ille fecit*, would offer a greater presumption against the defendant than the plaintiff, for the former had a greater interest in their disappearance. Criminality is never presumed, and the alleged loss may have been caused by accident, or the want of care and attention of the person to whom the safe keeping of the petition was confided.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and

WESTERN DIST.
October, 1836.

TUCKER
vs.
PEEBLES'S
CURATOR.

A suit is improperly dismissed at the first term, because. the plaintiff is unable to produce certain documents originally annexed to the petition, but which are shown by the affidavit of his attorney to have been lost, and that steps were taken to prove their contents.

The absence of the documents annexed to the petition affords no evidence of their having been taken away by the plaintiff.

Criminality is never presumed; and the loss of documents, which have been filed, may have been caused by accident, or attributed to the want of care in the person entrusted with them, rather than one who had an interest in their preservation.

reversed, and the case remanded, with directions to the court below to proceed therein according to law ; the appellee paying the costs of the appeal.